AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Columbia

United States of America
v.

Francis Joseph Vitollo

_Defendant_

)
)
)
)
)
)

Case: 1:24-mj-169
Assigned To: Magistrate Judge Robin M. Meriweather
Assign. Date: 5/10/2024
Description: COMPLAINT WITH ARREST WARRANT

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_                  Francis Joseph Vitollo                    ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment        ❏ Superseding Indictment      ❏ Information      ❏ Superseding Information    ☒ Complaint
❏ Probation Violation Petition      ❏ Supervised Release Violation Petition      ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering or Remaining in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds;
40 U.S.C. § 5104(e)(2)(G) - Parading, Picketing, and Demonstrating in a Capitol Building.

2024.05.10
16:17:35 -04'00'

Date:        05/10/2024

_Issuing officer's signature_

City and state:        Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ 5/10/2024 , and the person was arrested on _(date)_ 5/15/2024 at _(city and state)_ Albany, New York. |

Date: 5/16/2024

_Arresting officer's signature_

Brad Theroux, Special Agent
_Printed name and title_

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Francis Joseph Vitollo<br>DOB: XXXXXX<br><br>_____<br>*Defendant(s)* | Case: 1:24-mj-169<br>Assigned To: Magistrate Judge Robin M. Meriweather<br>Assign. Date: 5/10/2024<br>Description: COMPLAINT WITH ARREST WARRANT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ____Columbia____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) - | Entering or Remaining in a Restricted Building or Grounds, |
| 18 U.S.C. § 1752(a)(2) - | Disorderly and Disruptive Conduct in a Restricted Building or Grounds, |
| 40 U.S.C. § 5104(e)(2)(D) - | Disorderly Conduct in a Capitol Building or Grounds, |
| 40 U.S.C. § 5104(e)(2)(G) - | Parading, Picketing, and Demonstrating in a Capitol Building. |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____05/10/2024_____

*Judge's signature*

2024.05.10
16:18:02 -04'00'

City and state:  _____Washington, D.C._____          Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

Case: 1:24-mj-169
Assigned To: Magistrate Judge Robin M. Meriweather
Assign. Date: 5/10/2024
Description: COMPLAINT WITH ARREST WARRANT

## STATEMENT OF FACTS
## FRANCIS JOSEPH VITOLLO

Your affiant, ███████ is a Special Agent assigned to the FBI Albany Joint Terrorism Task Force. In my duties as a special agent, I have worked on investigations involving counterterrorism and national security matters. In addition, I have worked on temporary deployments related to crimes committed on Native American Reservations, as well as investigations related to violent street gangs, violent crimes, and drug trafficking. In these assignments, I have worked and continue to work with federal, state, and local law enforcement agents and officers on a number of criminal investigations.

Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

U.S. Capitol Police (USCP), the FBI, and assisting law enforcement agencies are investigating a riot and related offenses that occurred on January 6, 2021, at the United States Capitol, located at 1 First Street, NW, Washington, D.C., 20510.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol.

On the west side of the Capitol building is the West Front, which includes the inaugural stage scaffolding, a variety of open concrete spaces, two staircases, and multiple terraces. On the east side of the Capitol is the East Front, which includes three staircases, porticos on both the House and Senate side, and two large skylights into the Visitor's Center surrounded by a concrete parkway. All of this area was barricaded and closed to members of the public on January 6, 2021.

On January 6, 2021, a joint session of the United States Congress convened at the U.S. Capitol. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting to certify the vote count of the Electoral College of the 2020 Presidential Election, which took place on November 3, 2020 ("Certification"). The joint session began at approximately 1:00 p.m. in the House of Representatives. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection.  Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

The grounds around the Capitol were posted and cordoned off, and the entire area as well as the Capitol building itself were restricted as that term is used in Title 18, United States Code, Section 1752 due to the fact that the Vice President and the immediate family of the Vice President, among others, would be visiting and did visit the Capitol complex that day.

At around 1:00 p.m., individuals broke through the police lines, toppled the outside barricades protecting the U.S. Capitol, and pushed past USCP and supporting law enforcement

officers there to protect the U.S. Capitol. As a result of these and other similar actions by the crowd, the situation at the Capitol became a civil disorder as that term is used in Title 18, United States Code, Section 231. The civil disorder obstructed the ability of the U.S. Secret Service to perform the federally protected function of protecting Vice President Pence.

As they advanced unlawfully onto Capitol grounds and towards the U.S. Capitol building over the next several hours, individuals in the crowd destroyed barricades and metal fencing and assaulted law enforcement officers with fists, poles, thrown objects, and chemical irritant sprays, among other things. Individuals in the crowd carried weapons including tire irons, sledgehammers, bear spray, and tasers, some of which were also used to assault members of law enforcement. A number of individuals in the crowd wore tactical vests, helmets, and respirators.

At approximately 2:00 p.m., some people in the crowd forced their way through, up, and over the barricades and law enforcement. The crowd advanced to the exterior façade of the building. At such time, the certification proceedings were still underway, and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured.

Beginning shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement.

Once inside, certain of the unlawful entrants destroyed property, stole property, and assaulted federal police officers.

Between approximately 2:10 p.m., and 2:30 p.m., Vice President Pence evacuated the Senate Chamber, and the Senate and House of Representatives went into recess. Unlawful entrants into the U.S. Capitol building attempted to break into the House chamber by breaking the windows on the chamber door. Law enforcement officers inside the House of Representatives drew their weapons to protect members of the House of Representatives who were stuck inside. Both the Senate and the House of Representatives Chamber were eventually evacuated.

At around 2:47 p.m., subjects broke into the Senate Chamber not long after it had been evacuated.

At around 2:48 p.m., DC Mayor Muriel Bowser announced a citywide curfew beginning at 6:00 p.m. Mayor Bowser's order imposing a curfew in the District of Columbia impacted interstate commerce. For example, grocery store Safeway closed all 12 of its stores in the District of Columbia as of 4 p.m. that day, and Safeway's stores were supposed to close at 11 p.m.

At about 3:25 p.m., law enforcement officers cleared the Senate floor. Between 3:25 and around 6:30 p.m., law enforcement was able to clear the U.S. Capitol of all of the subjects.

Based on these events, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 p.m. the same day. In light of the dangerous circumstances caused by the unlawful entry to the U.S. Capitol, including the danger posed by individuals who had entered the U.S. Capitol without any security screening, the joint session could not resume until after every unauthorized occupant had left the U.S. Capitol, and the

building had been confirmed secured. The proceedings resumed at approximately 8:00 pm after the building had been secured. Vice President Pence remained in the United States Capitol throughout the events, including during the time he was evacuated from the Senate Chamber until the joint session concluded at approximately 3:44 a.m. on January 7, 2021.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### Identification of Francis Joseph Vitollo

On June 27, 2022, FBI Albany began investigating a tip that Francis Joseph Vitollo (hereinafter, "Vitollo") was involved in the events of January 6, 2021. Subsequent investigation identified Vitollo as a living at 42 Main Street, Coeymans, New York.

FBI Albany searched data sets housing cell tower records for the U.S. Capitol building on January 6, 2021, and found phone number (518)669-1531. Vitollo was determined to be the Verizon subscriber for this number on January 6, 2021.  Call detail records were returned from Verizon from a cell phone tower associated with the Capitol building on January 6, 2021, for phone number (518)669-1531.

On February 14, 2024, FBI Albany interviewed an individual by phone who had submitted an online tip related to Vitollo in 2021. The tip submitter advised that they were familiar with Vitollo from interacting with him on work-related matters, and that they had seen Vitollo in video footage taken by another rioter on January 6, 2021, as it was live-streamed from outside of the U.S. Capitol building.

On October 17, 2022, Vitollo was interviewed by FBI Albany agents at his residence. Vitollo told the agents that on January 5, 2021, he travelled to Washington D.C. with William Tryon, and two other individuals. They stayed in a hotel.

Vitollo described wearing a denim jacket and winter hat on January 6, 2021, in the FBI interview.

During the interview, Vitollo first denied going inside the U.S. Capitol building.  Then he was shown the picture below (Image 1) of a male in a denim jacket with a light colored collar, and blue and red winter hat with the text "TRUMP 2020" in white, inside the U.S. Capitol building during the January 6 riot. Vitollo looked at the picture and said, "that's me."



**Image 1**

On March 30, 2021, William Tryon ("Tryon") was interviewed subsequent to his arrest related to criminal activity at the U.S. Capitol on January 6, 2021. During this interview, Tryon stated that he travelled to Washington D.C. with three individuals, one of whom he identified as Joe Vitollo. Audio and video of this interview were recorded. [1]

### Vitollo's Activity at the U.S. Capitol

Over the course of the investigation, United States Capitol Police Closed Circuit Video (CCV) footage and open-source video footage and images were reviewed showing Vitollo walking toward the U.S. Capitol, standing and walking on restricted grounds outside of the U.S. Capitol building, and walking, sitting down, and appearing to use his cellular phone inside of the U.S. Capitol building.

In his October 17, 2022, FBI interview Vitollo said that he attended the former president's rally in Washington D.C. with Tryon and then walked toward the Capitol with him. Vitollo and Tryon were captured in an open-source image among a huge crowd of people walking toward the Capitol.

---

[1]     On August 23, 2021, Tryon plead guilty to crimes he committed at the Capitol on January 6, 2021.



**Image 2 – Vitollo (yellow circle) with Tryon (blue circle)**

Vitollo approached the U.S. Capitol building on the East Front, and at one point stood in front of a line of police officers on the steps near Tryon.



**Image 3 – Vitollo (yellow circle), Tryon (blue circle), in front of a police line**

5

Vitollo, still with Tryon, then moved closer to the Capitol building near the Upper House Door on the East Front of the Capitol, amongst others near the exterior façade of the U.C. Capitol building.



**Image 4 - Vitollo (yellow circle), Tryon (blue circle), on the stairs on the East Front of the U.S. Capitol near the Upper House Door**

Vitollo approached the Capitol building and knocked on a window near the Upper House Door while the window was still intact.



**Image 5 – Screenshot from open-source video of Vitollo knocking on window**

Vitollo approached the Upper House Door, but turned away without entering at approximately 2:21 p.m.



Vitollo remained on Capitol grounds and approached the Upper House Door a second time twenty minutes later. He entered the U.S. Capitol building at approximately 2:43 p.m. with alarms blaring.



**Image 7 – Vitollo (yellow circle) entering the U.S. Capitol Building**



**Image 8 – Vitollo (yellow oval) walking near an unmanned metal detector just after he entered the U.S. Capitol building**

Vitollo proceeded into the corridor near the Upper House Door at approximately 2:43 p.m. Vitollo went to the end of the hallway and sat down.



**Image 9 – Vitollo (yellow circle) in Corridor near Upper House Door**

At approximately 2:47 p.m. Vitollo was observed walking back toward the Upper House Door.

8



**Image 10 – Screenshot from open-source video showing Vitollo (yellow circle) in corridor walking toward Upper House Door.**

Vitollo then paused near the Upper House Door and appeared to use his mobile device inside the U.S. Capitol building with alarms blaring in the background.



**Image 11 – Screenshot of Vitollo (yellow oval) in the Capitol using his mobile device**

Based on the foregoing, your affiant submits that there is probable cause to believe that Francis Joseph Vitollo violated 18 U.S.C. § 1752(a)(1) which makes it a crime to knowingly enter or remain in any restricted building or grounds without lawful authority to do so, or attempts or conspires to do so, or aids or abets others to do so; and 18 U.S.C. § 1752(a)(2) which makes it a

crime to knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so, or aids and abets others to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that Vitollo violated 40 U.S.C. § 5104(e)(2)(D), which makes it a crime to willfully and knowingly engage in disorderly or disruptive conduct, at any of the U.S. Capitol Buildings or Grounds with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or attempts or conspires to do so, or aids or abets others to do so; and, 40 U.S.C. § 5104(e)(2)(G), which makes it a crime to parade, demonstrate, or picket in a Capitol Building.

████████████████████████

Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 10th day of May 2024.

2024.05.10
16:19:35
-04'00'

HONORABLE ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Northern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Francis J. Vitollo | ) |
| | ) |
| _Defendant_ | ) |

Case No.   1:24-mj-00241 (DJS)

Charging District's Case No.   1:24-mj-169 (RMM)

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____

District of Columbia (Washington, DC) _____.

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)   a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)   a hearing on any motion by the government for detention;

(6)   request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐   an identity hearing and production of the warrant.

☐   a preliminary hearing.

☐   a detention hearing.

☑   an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary ~~or detention~~ hearing to which I may be entitled in this district.  I request that my ☑ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  5-15-24

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Timothy E. Austin
_Printed name of defendant's attorney_

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

# United States District Court
## Northern District of New York

United States of America

**ORDER SETTING CONDITIONS OF RELEASE**

V.

Francis Vitollo

Case Number: 1:24-mj-241 (DJS)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

    (1)    The defendant must not commit any offense in violation of federal, state, or local law while on release in the case.

    (2)    The defendant must cooperate in the collection of a DNA sample if such collection is authorized by 34 U.S.C. § 40702.

    (3)    The defendant must timely advise the Court or Pretrial Services in writing before making any change of residence or telephone number.

    (4)    The defendant must appear at all proceedings as required and, if convicted, must surrender for service of any sentence imposed as directed. The defendant must next appear via

        _____Zoom_(Washington D.C.)_____ on _____May 23, 2024 at 12:30 PM_____.
               place                                  date and time

        If blank, defendant will be notified of next appearance.

### Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )    (5)    The defendant must sign an Appearance Bond. If ordered to do so, the defendant must provide the Court with the following indicia of ownership of the property posted, or the following amount or percentage of the such property:

( )    (6)    The defendant is placed in the custody of:

Name of person or organization: _____

Address: _____

Telephone No.: _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the Court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____    _____
                           Custodian or Proxy            Date

### Additional Conditions of Release (continued)

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

(✓) (7)   The defendant must:

( ) (a)   Report to Pretrial Services within 24 hours of release, telephone number (315) 234-8700 / (518) 257-1700, and as directed thereafter.

( ) (b)   Allow a probation officer to visit at any time at the defendant's home or elsewhere, and must permit confiscation of any contraband observed in plain view of the probation officer.

( ) (c)   Refrain from possessing a firearm, destructive device, or other dangerous weapon.

( ) (d)   Execute a bail bond with solvent securities in the amount of $

( ) (e)   Maintain or actively seek employment.

( ) (f)   Maintain or commence an educational program.

( ) (g)   Surrender any passport to: **The Clerk of the Court**[1].

( ) (h)   Obtain no passport or other international travel documents.

( ) (i)   Restrict travel to the Northern District of New York unless approved by Pretrial Services or the Court.

( ) (j)   Remain at an authorized address as approved by Pretrial Services or the Court.

( ) (k)   Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.

( ) (l)   Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

( ) (m)   Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court.

( ) (n)   Return to custody each (week)day as of   after being released each (week)day as of   for employment, schooling, or the following limited purpose(s): .

( ) (o)   Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.

( ) (p)   Refrain from any/excessive use of alcohol.

( ) (q)   Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.

( ) (r)   Submit to any method of testing required by Pretrial Services or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (s)   Participate in and successfully complete a program of outpatient or inpatient substance abuse therapy and counseling. Outpatient treatment may be approved by Pretrial Services or the Court. Inpatient substance abuse treatment must be approved by the Court.

( ) (t)   Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing, and/or computer or electronic monitoring which is (are) required as a condition(s) of release.

( ) (u)   Participate in one of the following monitoring or location restriction programs and abide by all the requirements of the program. The defendant must pay all or part of the cost of the program as determined by Pretrial Services based upon ability to pay.

   ( ) (i)    **Curfew.** The defendant is restricted to the defendant's residence every day ( ) from  to  or ( ) as directed by Pretrial Service of the Court.

   ( ) (ii)   **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.

   ( ) (iii)  **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.

   ( ) (iv)   **Stand Alone Monitoring.** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the court. Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

( ) (v)   Submit to the following location monitoring technology and comply with its requirements as directed:

   ( ) (i)    Location monitoring technology as directed by Pretrial Services or the supervising officer; or

   ( ) (ii)   Voice Recognition; or

   ( ) (iii)  Radio Frequency; or

   ( ) (iv)   GPS

( ) (w)   Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ) (x)   Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be return to the defendant if the case is dismissed.

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

( ) (sc.1)          The defendant must not use or possess a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.

( ) (sc.2)          The defendant must not use or possess any computer, cell phone, data storage device, cloud storage, or any other internet-capable device (computer equipment) unless he/she participates in the Internet and Computer Management Program (ICMP). When placed in the ICMP, the defendant must comply with all the rules of the program and pay any costs associated with the program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor the defendant's use of computer equipment. The defendant must permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment you use or possess. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. The defendant must provide any usernames, pin codes, passwords or other credentials used to access any devices or cloud storage you use or possess. The defendant's internet use may be limited and/or restricted in accordance with the ICMP based upon an evaluation of his/her risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a). Unless otherwise approved by the Court, the defendant must be limited to possessing one personal internet-capable device to facilitate the U.S. Probation Office's ability to effectively monitor the defendant's internet related activities. Failure to abide by the rules of the ICMP may result in immediate adverse action, to include, but not limited to, revocation of supervision.

( ) (sc.3)          The defendant must not frequent places where persons under the age of 18 are likely to congregate. This shall include, but is not limited to, schools, parks, and arcades, unless it is approved by Pretrial Services or the Court.

( ) (sc.4)          The defendant must not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court. The defendant must not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court. The defendant must reasonably avoid and remove himself/herself from situations in which he/she has any other form of contact with a minor. While this condition would not be violated by unintended, incidental contact with a minor in a public space, any significant personal interaction with a minor, even if unintended or incidental, should be reported to Pretrial Services within 72 hours.

( ) (sc.5)          The defendant must not subscribe to or use any internet services at any location without the approval of Pretrial Services or the Court. Telephone bills, credit card bills and service agreements must be provided upon the request of Pretrial Services or the Court.

( ) (sc.6)          The defendant must not utilize any internet site directly or through another person unless it is approved by Pretrial Services or the Court.

( ) (sc.7)          The defendant must participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders. The program shall be approved by Pretrial Services.

( ) (sc.8)          The defendant must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount deemed reasonable according to the sliding scale co-payment schedule approved by the Court and utilized by Pretrial Services. The defendant must also cooperate with securing any available third party payments as directed.

(✓)          Refrain from travel to the District of Columbia unless for Court Appearance, Attorney-Client meetings, or Probation purposes.

(✓)          Refrain from travel outside the continental United States.

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

### Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
  (2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3)     any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;
  (4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

Albany New York
_____
City and State

### Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.

(   ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:   May 15, 2024

_____
Hon. Daniel J. Stewart
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               v.                                   1:24-mj-241-DJS-1

**Francis Vitollo,**
                   Defendant.
_____

## **ORDER TO RELEASE DETAINED DEFENDANT**

       The above-named Defendant has satisfied the conditions for release and the Defendant shall be released from custody on **Wednesday May 15, 2024**.

**IT IS SO ORDERED.**
          DATED:    May 15, 2024
                        Albany, New York

                                         Daniel J. Stewart
                                         U.S. Magistrate Judge

SEALED,CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.7 (Revision 1.7.1.2)] (Albany)
# CRIMINAL DOCKET FOR CASE #: 1:24-mj-00241-DJS-1 *SEALED*
# Internal Use Only

Case title: USA v. SEALED

Other court case number: 1:24-mj-169 (RMM) District of Columbia (Washington D.C.)

Date Filed: 05/15/2024

Date Terminated: 05/15/2024

---

Assigned to: Magistrate Judge Daniel J. Stewart

**Defendant (1)**

**Francis Joseph Vitollo**
*TERMINATED: 05/15/2024*

represented by **Timothy E. Austin**
Office of the Federal Public Defender - Albany Office
Northern District of New York
54 State Street - Suite 310
Albany, NY 12207
518-436-1850
Email: tim.austin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Active*
*Fee Status: waived_2023*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(G) - Parading, Picketing and Demonstrating in a Capitol Building. | |

**Plaintiff**

**USA**                          represented by  **Alexander Paul Wentworth-Ping**
Office of the United States Attorney -
Albany Office
445 Broadway, Room 218
Albany, NY 12207
518-431-0247
Fax: 518-431-0249
Email: Alexander.Wentworth-
Ping@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Active*
*Fee Status: waived_2023*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2024 | 🔒 1 | Transfer Documents Received as to Francis Joseph Vitollo from the District of Columbia (gmd) (Additional attachment(s) added on 5/16/2024: # 1 District of Columbia Statement of Facts, # 2 District of Columbia Arrest Warrant) (gmd, ). (Entered: 05/16/2024) |
| 05/15/2024 | | Rule 5(c)(3) arrest of Francis Joseph Vitollo. (gmd) (Additional attachment(s) added on 5/16/2024: # 1 DC Warrant, # 2 DC Statement of Facts) (gmd, ). (Entered: 05/16/2024) |
| 05/15/2024 | | Text Minute Entry for an Initial Appearance and Rule 5 Removal as to Francis Vitollo held on 5/15/2024 before Magistrate Judge Daniel J. Stewart. Before Court, Probation presents Counsel and the Court with an Oral PTSR in Chambers. Defendant is advised of his rights, charges, maximum penalties and given a copy of the Complaint, and Arrest Warrant from the District of Columbia. A Financial Affidavit is submitted and approved. The OFPD is appointed. Defendant waives an Identity Hearing and a Preliminary Hearing and reserves the right. Defendant and counsel sign Waiver of hearings in this district. Government moves for release |

| | | | |
|---|---|---|---|
| | | | on conditions. The Court sets and reviews each condition with defendant. Government reminded of their obligations under Brady v. Maryland. Defendant is remanded to the USMS. An initial appearance has been scheduled before the District of Columbia for Thursday May 23, 2024, at 12:30 EST before Magistrate Judge Michael Garvey via Zoom. Defendant requests counsel be appointed in the District of Columbia. Case remains sealed in the District of Columbia, AUSA will provide unredacted copies of documents to defense upon unsealing. Defendant released on conditions set. Appearances: Alexander Wentworth-Ping, Esq., AUSA; Tim Austin, Esq., (FPD) for defendant. [PO: Aimee Messier and Amy Brancatelli; Digitally Recorded]. Time: 2:32 PM - 2:56 PM.(gmd) (Entered: 05/16/2024) |
| 05/15/2024 | 🔒 | 2 | CJA 23 Financial Affidavit by Francis Joseph Vitollo (gmd) (gmd, ). (Entered: 05/16/2024) |
| 05/15/2024 | | 3 | TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Francis Joseph Vitollo Timothy E. Austin for Francis Joseph Vitollo appointed. Because the defendant has testified under oath or has otherwise satisfied this court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require; It is hereby ORDERED that: The Office of the Federal Public Defender for the Northern District of New York is assigned representation of the defendant. SO ORDERED by Magistrate Judge Daniel J. Stewart on 5/15/2024.(gmd) (Entered: 05/16/2024) |
| 05/15/2024 | | 4 | WAIVER of Rule 5(c)(3) Hearings in this District by Francis Joseph Vitollo(gmd) (gmd, ). (Entered: 05/16/2024) |
| 05/15/2024 | | 5 | ORDER SETTING CONDITIONS OF RELEASE. Signed by Magistrate Judge Daniel J. Stewart on 5/15/2024. (gmd) (gmd, ). (Entered: 05/16/2024) |
| 05/15/2024 | | 6 | ORDER TO RELEASE DETAINED DEFENDANT as to Francis Joseph Vitollo. Signed by Magistrate Judge Daniel J. Stewart on 5/15/2024.(gmd) (gmd, ). (Entered: 05/16/2024) |
| 05/15/2024 | 🔒 | | (Court only) ***Terminated defendant Francis Joseph Vitollo, pending deadlines, and motions., ***Procedural Interval start as to Francis Joseph Vitollo, ***Set/ Clear Flags as to Francis Joseph Vitollo (gmd) (Entered: 05/16/2024) |
| 05/16/2024 | | | TEXT NOTICE to the Clerk, District of Columbia of a Rule 5 Appearance as to Francis Joseph Vitollo: Your case number is: 1:24-mj-169 (RMM). On 5/15/2024, Defendant appeared in the NDNY as a result of an arrest warrant issued. The defendant waived his right to Identity and Preliminary Hearing in this district and was Released on Conditions Set. NDNY did not collect a bond or passport. Please use PACER Court Links to access the public docket and documents.(gmd) (Entered: 05/16/2024) |